PETER GOODENOW *versus* DANIEL KILBY.

Where the demandant entered under a levy, and thereupon became seized, and gave a bond to the tenant, conditioned to convey the same premises to him by deed of warranty on payment of a certain sum, and the tenant entered into possession thereof under the demandant, and continued in possession until the commencement of the suit, without having paid the sum agreed upon, he cannot set up any defects in the levy in defence, showing no title in himself, or submission on his part to the title of any one else.

WRIT OF ENTRY. A statement of facts was agreed, referring the case to the decision of the Court thereon. Such of the facts as are material, are found in the opinion.

*D. T. Granger*, for the demandant, said that the tenant did not now set up any claim of title in himself, nor does he claim to hold under any one else. He attempts to defend by a mere naked denial of the demandant's title.

The levy of the demandant and entry under it, gave him the seizin, and that is enough to maintain this action against any one, who enters without title. 7 Pick. 169; 3 Metc. 175.

But the tenant entered into the premises under a bond from the demandant, and has acquired no other title. He cannot be permitted to deny the title of the demandant. 1 Fairf. 383; 19 Maine R. 66; 12 Mass. R. 325; 4 Metc. 224; 14 Mass. R. 93; 5 Pick. 124; 2 Dane, 443; 3 Fairf. 478.

*S. S. Rawson*, for the tenant, contended that at the time of the levy, the title to the premises was not in the debtor, and that therefore the demandant acquired neither title nor seizin by the levy. 3 Mass. R. 523; 9 Mass. R. 96; 11 Mass. R. 163.

As the demandant had no title to the land he covenanted to convey, the notes given to him by the tenant for the purchase money, and the bond, are without consideration.

The tenant is not estopped by the bond to deny the title of the demandant. Co. Lit. 47 (a); *Ham* v. *Ham*, 14 Maine R. 351; *Fox* v. *Widgery*, 4 Greenl. 214.

The opinion of the Court was drawn up by

WHITMAN C. J. — By the statement of facts, agreed upon by the parties, it appears that the plaintiff, having obtained an execution against Seward Bucknam & al. on the twenty-sixth of August, 1840, caused it to be satisfied by a levy on the demanded premises; and, subsequently, on the fifteenth day of January, 1841, agreed with the defendant, on certain terms and conditions, to convey the same to him; and in pursuance thereof, gave him a bond, conditioned, that, if the defendant should pay the plaintiff certain sums of money, within certain periods, and then, the plaintiff should, thereafter, upon request being made by the defendant, make, execute and deliver to him, his heirs or assigns, a good and sufficient deed of conveyance of the demanded premises, with covenants of general warranty; and, in the meantime, should suffer the defendant to hold, occupy and enjoy the same, then and in such case, the bond should be void, &c.

No question is made, but that the defendant, upon taking said bond, entered upon, and has since enjoyed the use of the premises, without interruption from any one, until said several sums had become payable; and so continued until the commencement of this suit; and it is not pretended that said sums, or any portion of them, had ever been paid. Yet the defendant claims a right to withhold the premises from the plaintiff, under pretence, that his title thereto was defective; and this without setting up any claim of title in himself; or even any submission on his part to the title of any one else. Surely, under such circumstances, he cannot be justified in continuing to hold adversely to the plaintiff. The authorities cited by his counsel do not apply to a state of facts such as this case exhibits. There is here no claim of rent, by a landlord of his tenant, either by virtue of a deed poll or indenture; and, if there were, there could be no pretence, on the part of the lessee of a holding, by or in submission to a title paramount to that of the lessor.

The ground taken by the counsel for the defendant, that the bond was void for want of consideration, and therefore that

the plaintiff has no right to recover, to say the least of it, is a novelty, coming as it does from the obligee, and not from the obligor; and being in reference to an instrument under seal.

Whether there are any defects in the plaintiff's title we have not thought it necessary to inquire. It is sufficient for him, that he entered under a levy, and thereupon became seized; whether by right or by wrong, it is unnecessary to inquire; and that the defendant has for several years, and for aught that appears until the present time, enjoyed the possession of the premises under the plaintiff. And we think it very clear that he ought to withhold them from him no longer.

As agreed by the parties the defendant must be defaulted.